UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARRIME L. STRATTON,

               Plaintiff,

       -against-

COUNSELOR SCOTT; D.O.C.C.,

               Defendants.

25-CV-10519 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated at Wallkill Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed the original complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated April 8, 2026, the Court dismissed the complaint, but granted Plaintiff leave to replead his claims in an amended complaint. The Court received Plaintiff's amended complaint on June 3, 2026. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

In his original complaint, Plaintiff brought claims against "Scott," a counselor at Wallkill Correctional Facility, and the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging that Scott wrote a "case plan" for Plaintiff that he believes "makes no sense" and included statements about him with which he disagreed. (ECF 1, at 4.) By order dated April 8, 2026, the Court dismissed Plaintiff's claims against DOCCS as barred by the Eleventh Amendment and dismissed his claims against Scott because Plaintiff's allegations did not plausibly suggest that Scott violated any of his federally protected rights. (ECF 6.) The Court granted Plaintiff 30 days' leave to replead his claims in an amended complaint.

In his amended complaint, which does not include a case caption naming the defendants, Plaintiff states that he is asserting claims, under Section 1983, that Scott violated his rights under the Fourth and Fourteenth Amendments in connection with her case plan for Plaintiff. The following allegations are drawn from the amended complaint. (ECF 7.) In her case plan, Scott wrote, based on a "self report," that Plaintiff's "friends [are] involved in criminal [b]ehavior," which Plaintiff asserts is "libelous" and "calls into question" his Fourth Amendment "rights to privacy" and against "illegal search[es]." (ECF 7, at 1.) Plaintiff asks, "How did Scott obtain this information, what factual support does she have, and what authorizes her to conduct such a probe, publish and make a record of so called 'friends of [Plaintiff']?" (*Id.*)

Plaintiff further alleges that Scott makes "six specious inferences . . . without revealing any source or substantiation." (*Id.*) He maintains that the case plan amounts to "cruel and unusual punishment" under the Eighth Amendment and violates his right to due process because "anyone having or obtaining access to these records" could accept Scott's conclusions and form a "negative" opinion of Plaintiff. (*Id.*) He further maintains that Scott "may have conducted some kind [of] illicit search [] for 'information'" in violation of the Fourth Amendment. (*Id.* at 2.)

Plaintiff does not specify the relief he seeks.

## DISCUSSION

### A.    Claims against DOCCS

Because Plaintiff's amended complaint does not include a caption, it is unclear if he intends to reassert his claims against DOCCS. To the extent he does, the Court dismisses those claims for the reason stated in its April 8, 2026 order of dismissal (ECF 6, at 3), that is, because such claims are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Claims against Scott**

The Court dismisses Plaintiff's Section 1983 claims against Scott because his allegations do not suggest that Scott violated any of his federal constitutional rights.[1] Plaintiff invokes the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "To constitute a violation of the cruel and unusual punishment clause of the eighth amendment, a prisoner must allege something akin to 'unnecessary and wanton infliction of pain' or punishment 'incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *LaBounty v. Adler*, 933 F.2d 121, 123-24 (2d Cir. 1991) (internal citations omitted). Here, the conduct of which Plaintiff complaints—Scott's drafting of a case plan that includes allegedly inaccurate statements—does not constitute punishment, let alone punishment that can be considered "cruel and unusual."

Plaintiff further asserts that Scott "may have" engaged in an unlawful search for "information" about him in violation of the Fourth Amendment's prohibition on unlawful searches. Plaintiff alleges no facts in support of his assertion that Scott "may have" engaged in some type of unspecified unlawful search. Such unsupported speculation is insufficient to plausibly suggest any unlawful conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8 "asks for more than a sheer possibility that defendant acted unlawfully" and that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability," it does not comply with Rule 8). Even if the Court were to assume that Scott received information from

---

[1] The Court assumes, for the purposes of this order, that Scott, who is employed at Wallkill Correctional Facility, is a state actor for purposes of Section 1983. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

third parties that she included in Plaintiff's case plan, he still fails to state a Fourth Amendment claim. *See United States v. Miller*, 425 U.S. 435, 443 (1976) ("This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by [that party] to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." (citations omitted)).

Finally, Plaintiff invokes the Due Process Clause of the Fourteenth Amendment, which provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff alleges no facts, however, suggesting that he has been denied life, liberty, or property, let alone that any such denial occurred without due process of law.

For these reasons, the Court dismisses Plaintiff's constitutional claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the amended complaint failed to cure any of the deficiencies outlined by the Court in its earlier order (ECF 6), the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses the amended complaint as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 22, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
